JABEZ FISHER & others *vs.* HERMAN C. FISHER & another.

The recovery of judgment, without satisfaction thereof, upon a simple contract debt, will not discharge a pledge given as collateral security for the debt.

If a negotiable promissory note, which is without consideration as between the original parties thereto, is delivered without consideration to another person, who pledges it, before its maturity, as collateral security for a debt of his own of less amount than the face of the note, the pledgees, if they take it without notice, are to be deemed holders for value, and may maintain an action thereon for the amount due to them upon the debt which it was pledged to secure.

CONTRACT upon a promissory note for two hundred and seven dollars and fifty-seven cents, dated January 7, 1861, signed by the defendant Fisher, payable to the order of William H. Claflin, the other defendant, in six months after date, and indorsed by Claflin in blank.

At the trial in the superior court, before *Lord,* J., the making and indorsing of the note by the defendants were admitted ; and it appeared that the note was without consideration as between the original parties thereto; that Claflin delivered it to John Parsons, Jr. without consideration, for the purpose of having it discounted for Claflin's benefit, which was not done, and that Parsons, being indebted to the plaintiffs in the sum of about one hundred and twenty-five dollars upon a note given by him to them, pledged to them the note in suit, before its maturity, as collateral security therefor. The plaintiffs had no knowledge that this was an accommodation note, nor of any of the relations existing between any of the above named parties. The plaintiffs subsequently recovered judgment in the superior court upon their note against Parsons, and took out execution thereon.

The present action was discontinued as to Claflin ; and the other defendant, Fisher, asked the court to rule that the judgment obtained by the plaintiffs against Parsons operated as an extinguishment of the note of Parsons; and therefore, if the note now in suit was taken by the plaintiffs as collateral security therefor, the plaintiffs had discharged the same by their own act, and that the note now in suit, being an accommodation note, and without consideration as between the original parties there

to, was invalid in the hands of the holders as collateral, and there-fore the present action could not be maintained. But the judge ruled that upon the above facts the plaintiffs might maintain their action, for the amount due upon their execution against Parsons; and the jury returned a verdict for the plaintiffs accordingly. The defendants alleged exceptions.

*E. C. Baker*, for the defendant Fisher.

*T. Weston, Jr.*, for the plaintiffs.

BY THE COURT. The doctrine of merger of a simple contract in the higher security of a judgment on such contract is wholly inapplicable to this case. The note in suit was pledged as collateral security for a debt due to the plaintiffs from the pledger, and this pledge continued valid and effectual until such debt was paid or discharged, notwithstanding the evidence of it had been changed from a promissory note to a judgment of a court of record thereon.

The evidence established that the plaintiffs received the note from the holder before its maturity, without any knowledge of the circumstances under which the defendants had delivered it to the payee, or the purpose for which the latter delivered it to the holder, and that it was held by the plaintiffs as collateral security for a valid debt due from the holder to them. Under the decisions of the court, these facts proved that the plaintiffs were *bonâ fide* holders for value and without notice, and were therefore entitled to recover to the extent of their debt for which the note was pledged as collateral security. *Stoddard* v. *Kimball*, 6 Cush. 469. *Exceptions overruled.*