JOHN McCULLOUGH, Appellant, v. M. S. HELL-MAN and W. H. CLARK, Respondents.

Surety, not Discharged by Judgment against Principal.—The recovery of a judgment against a principal debtor on a note given by him, is no bar to an action against him and another on a note given as collateral security for the debt of the principal unless such judgment has been satisfied.

Appeal from Grant County. The facts are stated in the opinion.

*Shattuck & Killen,* for appellant:

In the absence of any express agreement on the subject, the holder of a claim as collateral security may sue on it and hold the money when collected in place of the collateral instrument. (*Nelson* v. *Edwards,* 40 Barb. 279; *Jones* v. *Hawkins,* 17 Ind. 550; *Dix* v. *Tully,* 14 La. An. 456.) A collateral security is not extinguished by a recovery of judgment for the principal debt. (*Bank of Chenango* v. *Hyde,* 4 Cowen, 567.) Though the note representing the principal debt may be merged into a judgment thereon, yet the collateral securities therefor, whether upon real or personal property, should be allowed to stand; such securities are to be canceled only by a satisfaction of the principal debt, or by voluntary surrender. (*Butler* v. *Miller,* 1 N. Y. 500; 13 Johns. 240.)

A creditor who holds bonds as collateral security does not lose his right to hold the bonds by suing the principal and imprisoning him on getting judgment. (*Smith* v. *Strout,* 63 Me. 205; Brandt on Suretyship, 214.) Judgment against the principal is no bar to suit against the surety. (Brandt on Suretyship, 340; *White* v. *Smith,* 33 Pa. St. 186; *Fireman's Ins. Co.* v. *McMillan,* 29 Ala. 147.) A note

pledged as collateral security for a debt due the plaintiff from the pledgor continues valid and effectual until the principal debt is paid, notwithstanding the evidence of such principal debt has been changed from a promissory note to a judgment. (*Fisher* v. *Fisher*, 98 Mass. 303.)

There was no appearance for the respondent.

By the Court, KELLY, C. J.:

The complaint states in substance that on the eighth day of September, 1876, the respondent, M. S. Hellman, executed and delivered his promissory note to the appellant, John McCullough, for the sum of two thousand and five hundred dollars, payable six months after date; that at the same time Hellman delivered to appellant two warrants drawn by the state treasurer in favor of S. C. Hillis, amounting to one thousand eight hundred and twenty-five dollars, and payable to him or order. These warrants were delivered to the appellant to be held by him as collateral security for the payment of the two thousand and five hundred dollar note, and they were so held by him until the twentieth day of July, 1877. On that day, in consideration that the appellant should deliver the warrants to them, the respondents agreed to execute and did execute and deliver to the appellant their joint and several promissory note payable to him or order one day after date for one thousand dollars. This note was delivered by respondents to the appellant in lieu of the two warrants, and held by him as collateral security for the payment of Hellman's note for two thousand and five hundred dollars.

An action was commenced on this latter note and a judgment obtained thereon on the eighteenth day of September, 1878, for two thousand two hundred and nine dollars and ninety cents against Hellman, and on this judgment there is still due the sum of one thousand nine hundred and seventy-six dollars and twenty-eight cents. The appellant, although he has used all diligence to collect the same, has been unable to do so, and said Hellman has no property liable to execution. The appellant (plaintiff below) then alleges in his complaint that he is the owner and holder of

the note for one thousand dollars, made and delivered to him by the respondents (defendants below) on the thirtieth day of July, 1877, that the whole amount and interest thereon is due to him from the respondents and he demands a judgment for that sum.

The respondents demurred to the complaint, and assigned as grounds of demurrer that it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer and rendered a judgment for the respondents. In this we hold there was error.

This action was brought upon the one thousand dollar note which was given as collateral security for the payment of the two thousand five hundred dollar note of Hellman, and it is not a legal defense to show that appellant brought an action and recovered a judgment upon the two thousand five hundred dollar note, and that, therefore, the whole indebtedness of respondents was merged in that judgment. The recovery of a judgment upon a simple contract debt without satisfaction thereof will not discharge a note pledged as collateral security for the debt. (*Fisher* v. *Fisher*, 98 Mass. 303.) The recovery of a judgment against a principal is no bar to an action against him and another on a contract of guaranty executed by both of them jointly. (*White* v. *Smith*, 33 Penn. St. 186; Brandt on Suretyship, 340.)

The judgment of the court below is reversed and this cause remanded for further proceedings.