CHARLES BATEMAN v. CHARLES A. BLAISDELL AND AMANDA BLAISDELL.

[See 81 Mich. 227.]

*Practice in circuit court—Findings of fact—Chattel mortgage—Payment—Usury.*

1. Error cannot be assigned upon the action of the trial judge in permitting the attorney for the prevailing party to prepare a draft of proposed findings of fact in the case.

2. It is the province of the circuit judge, sitting as a trial court, to find all the facts which the testimony in the case *tends* to prove, and all inferences of fact which are or may be drawn from the testimony must be drawn by the trial court; and the appellate court cannot draw any inferences from the testimony contrary to the facts found by the court below; citing *Mills v. Van Camp*, 41 Mich. 645; *Treasurer v. Bunbury*, 45 Id. 79; *Butts v. Davis*, 50 Id. 310; *Edwards v. Nelson*, 51 Id. 121; *Neumann v. Mining Co.*, 57 Id. 97.

3. Plaintiff loaned defendants $56, taking as security a chattel mortgage on a piano and certain household goods payable in 30 days, without interest, and calling for $60. He retained $1, for drawing the mortgage, and $3 for advance interest for one month. After the defendants had paid $33 in equal monthly payments, which were receipted for as interest in full up to the end of the succeeding month, they made a further loan of $20, and gave a new mortgage in the name of a clerk in plaintiff's office, for $84, payable in 30 days, and the first mortgage was discharged. This was done without any settlement being had between the parties. The second mortgage was subsequently assigned to plaintiff. After defendants had paid $40 on the second mortgage in monthly payments, which were receipted for as interest, and which receipts provided for monthly extensions, the defendants refused to make any further payments, and tendered the balance they claimed to be due on the mortgage, which tender was refused, and plaintiff replevied the property. The case was tried before the circuit judge without a jury, who found the foregoing facts, and that the giving of the mortgages was virtually one transaction, there being no settlement, and that the payments made, with the sum tendered, were sufficient to discharge the mortgage lien, and rendered judgment for the defendants, which is affirmed.

Error to Kent.    (Grove, J.)    Submitted on briefs, November 14, 1890.    Decided November 21, 1890.

Replevin.    Plaintiff brings error.    Affirmed.    The facts are stated in the opinion.

*Maher & Felker*, for appellant, contended:

1. The case presented is the ordinary one of people who are unable to borrow money in such a way as to give adequate security for its repayment, and have resorted to one who was willing

to loan in small sums, in consideration of his being paid a bonus over legal rates of interest for extra trouble and risk. The arrangement, which was originally made for a single month, was allowed to run upon the same terms for a year, and seems to have been entirely satisfactory to the defendants. At the end of the year they desired an additional loan, the note and mortgage were surrendered to them, and new securities were made to cover the amount of the principal of the old loan, the amount of the additional loan and interest, and bonus for one month, at the expiration of which time the debt was to be due. This was extended from month to month, upon the payment of monthly bonuses as interest, until February 13, 1889, a period of eight months and thirteen days after the month for which interest was covered by the mortgage. These are the facts in the case as they should have been found, and no amount of quibbling or evasion can change their substantial character and effect. This Court has ruled upon the question presented in several cases, and the decision of the circuit judge is in direct conflict with those rulings; citing *Craig v. Butler*, 9 Mich. 21; *Smith v. Stoddard*, 10 Id. 148; *Gardner v. Matteson*, 38 Id. 200; *Near v. Lowe*, 56 Id. 632; *Dykes v. Wyman*, 67 Id. 237.

*Frank G. Holmes*, for defendants, contended for the doctrine stated in the opinion.

CHAMPLIN, C. J. This action is replevin, under which the plaintiff seized a piano and certain household goods claimed in the declaration to be of the value of $300. The case was tried before the court without a jury, and findings of fact and law made upon request of the parties. The record states that after the request was filed, and after the trial, the circuit judge directed defendants' attorney to prepare a draft of the findings, which he did, and the same were signed by the judge on October 10, 1889. Said findings were afterwards amended, and the amended and completed findings were filed on January 20, 1890.

The plaintiff, by his attorney, has assigned error upon the action of the court in permitting defendants' attorney to prepare the findings of fact in the case. Error cannot

be assigned upon such action of the court. It raises no question of law in the case. As a matter of practice, we discover no impropriety, after a circuit judge has determined in his own mind how he will decide a case tried before him without a jury, to request the attorney for the prevailing party to prepare and present to him a statement of the facts as shown by the evidence. Such statement is not obligatory upon the court, the opposite party is entitled to propose amendments, and the facts are finally settled by the court. There is no way in which such practice can prejudice the opposite party. The finding of facts is a judicial act, and so is the finding of a decree. But a decree is usually drawn by the solicitor of the prevailing party, and it becomes the judicial act of the court when it is signed by the judge; and so the findings of fact prepared by the attorney become the judicial act of the court when they are signed by the judge. They are prepared for the convenience, assistance, and consideration of the court, and there would be no impropriety in requesting the attorneys of the respective parties to prepare a statement of facts for the consideration of the court, and he could derive such assistance as he could from either or both statements.

The amended findings of the court were that,—

"In the spring of 1887, the parties were residents of the city of Grand Rapids. The defendants called upon, and obtained a loan of money from, the plaintiff, upon a chattel mortgage. The mortgage was executed for sixty dollars, payable in thirty days from date, without interest. Said mortgage covered the property described in the writ of replevin and plaintiff's declaration in this 'cause. Said mortgage was made and dated April 1, 1887. That, upon the execution and delivery of this mortgage, the plaintiff paid to defendants fifty-six dollars, retaining one dollar for drawing the mortgage, and three dollars advanced interest for the first month's interest; that after that, and up to the first day of April, 1888, they paid on

this mortgage thirty-three dollars, in monthly payments of three dollars each, for which plaintiff gave them receipts, in the words and figures following, viz.: [it is not necessary that more than one receipt should be included in this opinion as they were all substantially alike:]

"'GRAND RAPIDS, May 13, 1887.
"'Received of Chas. Blaisdell interest in full up to June 13, '87.
"'CHAS. BATEMAN.'"

"That on the second day of April, 1888, the defendants borrowed of the plaintiff a further sum of twenty dollars, and the plaintiff requested a new mortgage to be given in the name of Arabella Miller, a clerk in his office, from whom he stated he had borrowed money. This mortgage was drawn by the plaintiff for eighty-four dollars, payable in thirty days, and the former mortgage was discharged. That there was no settlement between the parties when this second mortgage was executed and the first mortgage discharged."

A copy of the mortgage is appended to the findings as an exhibit. It acknowledges a debt of $84, and recites that the mortgage is given to secure the payment of the debt and interest. It is conditioned to pay Arabella Miller $84 according to the condition of a promissory note of even date.

The circuit judge further finds—

"That after the execution of the second mortgage, and on the 13th day of April, the defendants paid to the plaintiff on the same four dollars, and four dollars each consecutive month thereafter for nine months, making a total of forty dollars paid on such second mortgage, for which plaintiff gave receipts."

These receipts are of the same tenor as those above referred to, being for interest on the note and mortgage, and containing monthly extensions. Some of these receipts are signed, "Arabella Miller," and some "A. Miller, per Bateman." The December, 1888, receipt is signed, "Chas. Bateman."

The court finds further—

"That on the 3d day of December, 1888, the plaintiff took this mortgage by assignment from Arabella Miller, and held the same at the commencement of this suit; that on the 27th day of February, 1889, the plaintiff called at the dwelling-house of the defendants, where the mortgaged property then was, and demanded of Amanda Blaisdell, one of the defendants, payment of the interest on the mortgage for the month of February in payment of the mortgage debt, or that the mortgaged property be delivered to him, and was told by the defendant Amanda Blaisdell that the defendants would not pay any more on the mortgage, and would not give up the property. She told him at the same time to go and see her husband, Charles Blaisdell, about it, which he declared to her he would not do, and did not do, and made no other or further demands before suit. Defendants afterwards, and on the same day, caused a tender of ten dollars to be made to the plaintiff to cover any amount that might be due on said second mortgage. And the plaintiff refused such tender, and on the following day took out the writ of replevin in this cause.

"I find the consideration of the second mortgage to be the amount remaining unpaid on the first mortgage and legal interest thereon, and twenty dollars paid by the plaintiff to the defendants at the date of the second mortgage; and that the two mortgages were one continuous contract between the plaintiff and defendants, upon which there was no settlement from the date of the first mortgage; and that the plaintiff had no other claim or interest in the property named in the writ.

"I find that the defendants paid on said mortgages all that the plaintiff loaned to them, and interest, and that at the commencement of this suit the plaintiff had no valid lien upon the property named in the writ of replevin in this cause, and was not entitled to the possession of the same."

From the foregoing facts, the court found the following conclusions of law:

"1. That there was no consideration for the said second mortgage in excess of the sum of twenty dollars, and the unpaid balance of the first mortgage.

"2. That there was nothing due on the debt secured by said second mortgage in excess of the amount of the

tender made as aforesaid at the time of the commencement of this suit.

"3. That the said defendants are entitled to a judgment for the return of the property, and such damages as they have sustained for their unlawful detention, with costs to be taxed."

The counsel for plaintiff requested the circuit judge to amend his findings—.

"By inserting a statement therein that the payments made on the mortgage of April 1, 1887, referred to in said findings, were made as interest at the rate of three dollars per month on the amount of said note and mortgage.

"By striking out the statement 'that there was no settlement between the parties when the second mortgage was executed and the first mortgage discharged.'

"By inserting therein that Arabella Miller paid the plaintiff the amount of the first mortgage, being sixty dollars, and furnished the twenty dollars loaned the defendants on the second mortgage, when the first mortgage was discharged.

"By inserting that the plaintiff allowed said Arabella Miller eighty-four dollars in his dealings with her, for the assignment to him of the mortgage and note of April 2, 1888.

"By striking out, 'and that the second mortgage was one continuous contract between the plaintiff and defendants, upon which there was no settlement from the date of the first mortgage.'"

All the proffered amendments were refused, to which refusals of the circuit judge exception was duly taken. Counsel also filed exceptions to the matters of law embodied in said findings.

As to the exceptions to the facts found, including requests of plaintiff's counsel to amend the findings, we remark that, although the bill of exceptions states that all the testimony is substantially contained therein, yet it is the province of the circuit judge, sitting as a trial court, to find all the facts which the testimony in the case tends to prove; and all inferences of fact which are or may be drawn from the testimony must be drawn by

the trial court. This Court can draw no inferences from the testimony contrary to the facts found by the court below. *Neumann v. Mining Co.*, 57 Mich. 97; *Mills v. Van Camp*, 41 Id. 645; *Edwards v. Nelson*, 51 Id. 121; *Butts v. Davis*, 50 Id. 310; *Treasurer v. Bunbury*, 45 Id. 79.

The judgment in this case is based upon the facts found that the monthly payments were not in the nature of illegal interests, but were made from time to time to apply upon the indebtedness due from defendants to the plaintiff, and upon the further facts that the plaintiff was at all times the real owner of the note and mortgage, and the making of the last note and mortgage to Arabella Miller was only colorable, and for the purposes of the plaintiff.

There was testimony in the case which would have warranted a finding of fact that the plaintiff was exacting from the defendants interest at the rate of 60 per cent. per annum, and was requiring the payment thereof monthly out of the earnings of a day-laborer, whose straightened circumstances compelled him to borrow $60, and afterwards a further sum of $20. But there was nothing upon the face of the note and mortgage, or in any other papers, showing that the loan was for anything other than legal interest. The mortgage is on condition that the sum be paid with interest, and none of the receipts mention the amount received, but are simply acknowledgments of the receipts of interest. The court was authorized to draw references from the whole testimony, and the circumstances attending the transaction, that these repeated monthly payments were made to be applied upon the principal, as well as legal interest; and we cannot say that such inferences were unwarrantable, and without some testimony to stand upon. *Bateman v. Blake*, 81 Mich. 227. Certain it is that, if such inference could be drawn from the testimony, justice

and humanity require that they should be drawn under the testimony disclosed in this case.

We think also that the circuit judge was authorized, from the testimony, in his conclusions that there was no settlement between the parties, and that it was all one continuous transaction. The testimony of the plaintiff was not conclusive upon these points. The credibility of the witnesses was exclusively for the judge. The other testimony showing the manner in which the business was conducted, the relations between plaintiff and his clerk, the assignment to him, was proper to be considered and weighed by the trial judge. From all the testimony, he has found that it was one transaction, and there had been no settlement. The circuit judge has found that these sums were payments upon the debt, and that, taken together with the amount tendered, they were sufficient to discharge the lien of the mortgage.

We discover no error in the record, and the judgment must be affirmed.

The other Justices concurred.