MAUD BLAISDELL, BY HER NEXT FRIEND, V. JOHN
SCALLY.

[See 83 Mich. 357.]

*Replevin—Res judicata—Trover and conversion—Damages—Error
without prejudice.*

1. A father and mother included in a mortgage of their household
goods a piano belonging to an infant daughter, and it was
replevied from them by the mortgagee. On the day the writ
was delivered to the officer the daughter took out a writ of
replevin for the piano from justice's court, after which the
officer removed it from her parents' house, claiming to have
levied his writ upon it on the day it was placed in his hands.
Such proceedings were thereafter had as resulted in a judg-
ment in favor of the father and mother, and also in favor of
the daughter, but the piano remained in the possession of the
mortgagee, to whom it had been delivered by the officer.
After recovering said judgment the daughter sued the officer
for the value of the piano, and for damages she had sustained
by reason of its removal, in which suit the officer claimed that
the judgment in the replevin suit was a bar to the second
suit. And it is held that the removal of the piano after the
commencement of the replevin suit was a new and independent
taking, and that that suit had no connection with the second
one that would make the judgment rendered therein a bar to
the second suit.

2. In such a case the daughter could only recover the value of the
piano, with interest; but a judgment in her favor not exceed-
ing the sum at which it was valued by the appraisers in the
replevin suit against her parents, and for less than its value as
testified to by her witnesses, is not reversed for the error of
the court in instructing the jury as to the measure of dam-
ages.

Error to Kent. (Burch, J.) Submitted on briefs
November 14, 1890. Decided December 24, 1890.

Case. Defendant brings error. Affirmed. The facts
are stated in the opinion.

*Maher & Felker,* for appellant.

*Frank G. Holmes,* for plaintiff.

MORSE, J. This is an action of trespass on the case for the taking of a piano, claimed to belong to plaintiff. The piano is one of the articles mentioned in a certain mortgage, which was found to have been wholly paid and satisfied in the case of *Bateman v. Blaisdell,* 83 Mich. 357[1]. The defendant is a deputy-sheriff of Kent county, and, at the time of the commencement of this suit, had possession of the piano, under the writ of replevin in that case. On the trial of the case at bar, the jury returned a verdict in favor of plaintiff for $200.

There is a dispute as to when Scally took possession of the piano under his writ. The writ came into his hands on February 28, 1889, but he did not remove the piano from the house of the plaintiff's parents until March 2, 1889. He went to the house with his writ for the purpose of executing it on the day it was issued. He was then informed that the piano belonged to Maud, and he must not take it. Scally claims he then levied upon it, but others testify that he did not levy on February 28, but said he was not going to take the piano, and kept on saying so, until March 2, when he removed it by force. The piano was delivered over to Bateman, who has ever since had the practical possession of it.

On February 28, 1889, this plaintiff, by her next friend, Benjamin S. Harris, commenced a replevin suit against Loomis K. Bishop, sheriff of Kent county, for the recovery of the possession of this same piano, before Thomas Walsh, a justice of the peace in and for the city of Grand Rapids, which suit was made returnable

---

This mortgage was given by the plaintiff's father and mother, and covered certain household goods, as well as the piano; and for a full statement of facts in this regard, see 83 Mich. 357.

March 11, 1889. On that day, defendant moved to dismiss the suit. The motion was denied, and the cause adjourned until March 18, 1889, at which time defendant pleaded. The cause, on defendant's motion, was adjourned again until March 25, 1889, at 9 o'clock A. M. On the last-named day and hour, the plaintiff appeared. Defendant did not appear. After waiting one hour, trial proceeded, and judgment was rendered in favor of the plaintiff, and the damages of the unlawful detention were assessed at 6 cents. The costs were taxed at $8.48. The damages and costs were paid April 1, 1889, and the justice made the following entry on the docket: "This judgment satisfied and discharged, April 1, 1889."

It is claimed by defendant's counsel that this judgment is a complete bar to the plaintiff's action here. This present suit was commenced April 8, 1889. The undisputed evidence in this case is that the piano was not removed from the possession of the plaintiff until March 2, 1889, and we are satisfied that, under any view of the case, this was a new and independent taking, after the commencement of the suit before Justice Walsh, and that, therefore, that suit has no connection with the present one that would make the Walsh judgment a bar to this action.

In the light of the affirmance of this Court of the judgment of the Kent circuit court in the case of *Bateman v. Blaisdell*, the taking by Scally of this piano, under the writ in that case, was an unlawful one in any event. And, if it belonged to the plaintiff in this suit, his taking it from the house, and from her possession, was unlawful, whether he actually levied upon it before or after the suit was commenced before Justice Walsh.

It is objected that testimony was permitted to be introduced that plaintiff had not had the use of the piano since it was taken out of the house. Defendant's coun-

sel objected to any testimony as to the loss of the use of the piano after the suit was brought, April 8, 1889. The court said:

"I will take the testimony subject to the objection, and cover it with the charge, and, if I come to the conclusion that it is not admissible, will strike it out on motion of counsel."

In his instructions, he directed the jury to find no damages for any loss of the use of the piano after April 8, 1889. We find no prejudicial error in this action of the court.

There are other assignments of error as to the admission of testimony, but none of them are found to be worthy of discussion.

The declaration contained three counts, the last one being a count in the common form of a count in trover. The other two alleged special damages, by reason of the loss of the use of the piano, in that she was preparing herself, by daily study and practice upon the same, for the profession of a teacher of music, and was, by the taking of the same, greatly hindered and unjustly prevented from carrying on and pursuing her said study and practice, depriving her of the gains and advantages of said study and practice, to her damage; and also by reason of the taking of said instrument by force, and by threats of arrest and imprisonment, if she resisted, or in any way hindered, him from taking the same, he illegally and wrongfully converted the said piano to his own use, depriving her of all further use of the same, and of the opportunity of further pursuing her said study and practice of music.

It is argued by defendant's counsel that, under this declaration, the plaintiff was only entitled to the value of the instrument, and interest upon such value from the day of its taking, which are the usual damages in an

action of trover. We are not enabled from the record to find whether or not the jury allowed any other damages than the value of the piano, and interest upon the same, as there was competent testimony showing its value at the time of the taking to be more than the amount of the verdict. The testimony on the part of the plaintiff was that the piano, at the time it was taken, was worth from $250 to $300. The evidence upon the part of the defendant was that the instrument about two weeks before the trial was worth $50. It was also shown that, in the replevin suit of *Bateman v. Blaisdell,* under which writ defendant took it, the piano was valued at $250. The plaintiff was only entitled to the value of the piano, and interest upon it. It does not appear to us that she recovered any more than that, and, under the circumstances, considering that Scally removed this piano by force, and without right, after he knew that plaintiff had replevied it from the sheriff, under whom he was acting, and no effort was made by him to have it returned to her after the judgment in favor of her possession in justice's court, we shall not reverse the judgment for the error in the instruction of the court as to her damages on account of the loss of the use of it.

The judgment is affirmed, with costs.

The other Justices concurred.