CHARLES BATEMAN v. THE GRAND RAPIDS & INDIANA
RAILROAD COMPANY, AS GARNISHEE OF
CHARLES A. BLAISDELL.

[See 83 Mich. 357.]

*Judgments—Chattel mortgage—Concurrent remedies—Bar.*

1. The recovery of a judgment by a mortgagee upon a chattel-
mortgage note collateral to the mortgage, without satisfaction
thereof, will not prevent him from bringing an action of
replevin for the mortgaged property.

2. Where, pending an action of replevin by a mortgagee for the
mortgaged property, he recovers a judgment in justice's court
upon the mortgage note, which is collateral to the mortgage,
which judgment is not appealed from, nor pleaded in the
replevin suit, and judgment is afterwards rendered therein in
favor of the mortgagor on the ground that there was nothing
due upon the mortgage debt in excess of the sum tendered
when the suit was commenced, and the judgment is affirmed
in the Supreme Court, the latter judgment is a bar to gar-
nishment proceedings for the collection of the justice's
judgment.

Error to Kent. (Adsit, J.) Submitted on briefs June
16, 1893. Decided July 25, 1893.

Garnishment proceedings. Plaintiff brings error. Affirmed.
The facts are stated in the opinion.

*Ward & Ward,* for appellant, contended:

1. Had the justice's judgment been pleaded in the replevin suit,
it would have been an absolute bar, so far as the question of
the amount due on the mortgage debt was concerned, if
defendant's theory, that the causes of action were identical, is
true; citing 2 Black, Judgm. § 726; and the judgment was just
as binding after the time for appeal had expired, even though
it did contain items of usurious interest, or even if wholly
made up of such interest; citing Id. § 759.

2. Subsequent litigation covering the same ground has no effect

upon the validity of a judgment already rendered, where, as in this case, the first judgment is not in issue by the pleadings or otherwise; and, had the justice's judgment been in issue in the replevin suit, it must have been fatal to the defendant's case there; citing *Dimock v. Copper Co.*, 117 U. S. 559; *Reilly v. Bader*, 52 N. W. Rep. 522.

*Frank G. Holmes,* for garnishee. defendant.

McGRATH, J.   On April 2, 1888, one Blaisdell executed to plaintiff a chattel mortgage upon certain household goods to secure the payment of $84 "according to the conditions of a certain promissory note of even date and collateral hereunto." On February 28, 1889, plaintiff replevied the mortgaged chattels in the circuit court.   In April, 1889, pending the replevin suit, plaintiff recovered judgment on the note before a justice of the peace.   No appeal was taken from said judgment.   The replevin suit was afterwards prosecuted to judgment.   The judgment before the justice was not pleaded, and the court found that there was nothing due on the debt secured by the mortgage in excess of the amount tendered at the time of the commencement of suit, and gave judgment for the return of the property, and damages for its unlawful detention.   Plaintiff appealed to this Court, and that judgment was affirmed November 21, 1890.   See 83 Mich. 357.   In September, 1890, plaintiff took out a writ of garnishment against the defendant company in the proceeding before the justice.   The company answered September 12, 1890, admitting an indebtedness, and pleading the finding and judgment in the replevin proceeding.   Plaintiff had judgment before the justice, and defendant appealed.   After perfecting its appeal, the company filed a further plea, setting forth that in the replevin proceeding the same debt and subject-matter, in all respects, in this suit involved, was there finally adjudicated and determined in this Court.   The case was tried before the court, the facts found, and judgment rendered for defendant, and plaintiff appeals.

The recovery upon the collateral obligation, without satisfaction thereof, was not a bar to the proceeding upon the mortgage. *Thurber v. Jewett*, 3 Mich. 295; *Drake v. Mitchell*, 3 East, 251; *Satterwhite v. Kennedy*, 3 Strob. 457; *Fisher v. Fisher*, 98 Mass. 303; *Vanuxem v. Burr*, 151 Id. 386; *McCullough v. Hellman*, 8 Or. 191; *White v. Smith*, 33 Penn. St. 186; *Karnes v. Lloyd*, 52 Ill. 113; *Fairchild v. Holly*, 10 Conn. 474; *Chipman v. Martin*, 13 Johns. 240.

In *Drake v. Mitchell*, Le Blanc, J., says:

"The giving of another security, which in itself would not operate as an extinguishment of the original one, cannot operate as such by being pursued to judgment, unless it produce the fruit of a judgment."

In *Satterwhite v. Kennedy*, the court say:

"A creditor shall not have two satisfactions for the same debt, but there is no inconsistency in his pursuing two remedies. If one produces satisfaction, that is a bar to the other. A mortgage is a specific lien, and a judgment is a general lien. Both may be consistently pursued until the debt is satisfied."

Plaintiff has pursued both remedies. Both were distinct, and related to the same debt. Plaintiff had an opportunity, in the replevin case, to plead the former judgment, but neglected to do so, and must be held to have waived the estoppel. *Cooley v. Brayton*, 16 Iowa, 10; *Marsh v. Mandeville*, 28 Miss. 122. In the replevin case the mortgagor made a tender, the issue raised was the amount due upon that obligation, and the court expressly found that the debt had been paid and discharged. Thus we have two judgments,—one upon the collateral obligation rendered in April, 1889, by a justice of the peace, in a suit instituted pending proceedings upon the original obligation; the other, upon the original obligation, rendered in the circuit court, and affirmed on appeal to this Court, in which it is found and determined that the original debt is paid and dis-

charged, and the mortgage extinguished. As between these two judgments, we think that the latter should control. The action in which that judgment was rendered was instituted by plaintiff. · The court acquired jurisdiction of the parties and the subject-matter, and was entitled to retain it to its final termination. The basis of that proceeding was the primary obligation. The judgment is that of a superior tribunal, and was last in point of time. *Insurance Co.* v. *Howell*, 24 N. J. Eq. 238; Freem. Judgm. § 332; *Semple* v. *Wright*, 32 Cal. 659; *Semple* v. *Ware*, 42 Id. 619; *Sharon* v. *Sharon*, 84 Id. 424; *Cooley* v. *Brayton*, 16 Iowa, 10.

In the case last cited, A. foreclosed a mortgage, making B. a party as a subsequent incumbrancer, and obtained a decree against B.; and B. afterwards foreclosed his mortgage, making A. a party as a subsequent incumbrancer, and obtained a decree against A. Held that, if A. wished to avail himself of his decree, he should have set it up in the second action, and, not having done so, his rights under it were lost.

In *Sharon* v. *Sharon*, complainant had obtained a decree for divorce, alimony, and costs. Before that action was commenced, the defendant had instituted proceedings in the circuit court of the United States against the complainant in the divorce case, by the name of Sarah Althea Hill, to cancel an alleged declaration of marriage. The action resulted in a judgment for Sharon. Afterwards, complainant in the divorce proceeding moved for a judgment in the state court for the alimony and costs against the executor of Sharon's estate, and judgment was entered accordingly. On appeal the court held that the judgment in the divorce proceeding was essentially based upon the identical contract which had been declared by the circuit court of the United States to be a forgery; that the circuit court of the United States acquired jurisdiction of the persons and

subject-matter before the commencement of the divorce proceedings, and, consequently, that no matter when its judgment was rendered,—whether before or after the date of the judgment of any other tribunal subsequently acquiring jurisdiction over the same persons and subject-matter,— the final judgment in that case became binding and conclusive, as to that subject-matter, upon all persons and upon all courts and tribunals whatsoever.

The judgment is affirmed.

The other Justices concurred.