## BANK OF PARIS *v.* PEARSON.

### Opinion delivered April 1, 1899.

1. NEGOTIABLE INSTRUMENT—TRANSFER.—A note payable to bearer, or to a designated person or bearer, may be transferred by delivery without indorsement.   (Page 312.)

2. SAME—POSSESSION AS EVIDENCE OF TITLE.—Possession of a note payable to bearer is *prima facie* evidence of ownership, and, without notice to the contrary, one may purchase it without inquiry.   (Page 312.)

Appeal from Scott Chancery Court.

EDGAR E. BRYANT, Judge.

#### STATEMENT BY THE COURT.

The Bank of Paris was the holder of two negotiable promissory notes made by Walter Pearson and S. J. Pearson to Evans and Hiner or bearer.   Evans discounted these notes at the bank before the maturity thereof, receiving value for same, and, after indorsing same, he delivered same to the bank.   The notes were secured by a mortgage on certain lands.   The bank, after the maturity of the notes and demand for payment, brought suit in equity against the makers, and asked for judgment for the debt and for foreclosure of the equity of redemption in the land mortgaged, etc.

The defense denied that the plaintiff bank was an innocent purchaser, and alleged that the notes and mortgage were without consideration, and were obtained through fraud; hence were null and void.   The answer set up specifically facts which, it alleged, precluded the bank from being an innocent holder for value, and which, it claimed, showed a failure of consideration.

The facts, so far as it is necessary to set them out, tended to show that E. Hiner, who was a member of the firm of Evans & Hiner, the payees, sometime in February before the notes were due, offered to discount and sell same to the bank.   The bank, after making such investigation as it desired as to the security, agreed to take the notes at a discount of thirty dollars.

Thereupon it paid Hiner $170, and Hiner indorsed the same, and delivered them to the bank. The bank had no notice of any contract or agreement between the makers and payee of the notes, other than that set forth in the notes and mortgage. After the notes matured, payment was demanded, and, upon refusal, this suit was brought.

The court below found "that the transfer of Edwin Hiner of the two notes to plaintiff could only transfer to plaintiff the undivided one half interest originally owned by him, and not Evans' half, as the same had never been legally indorsed over to him by Evans, and that the plaintiff is not a *bona fide* holder of said notes, to their full value, but that the court will enforce Hiner's original one half interest for plaintiff." The court then rendered judgment against the defendants for one hundred dollars, and directed a foreclosure of the mortgage for said amount. The bank appeals.

*Anthony Hall*, for appellant.

A note or bill payable to bearer does not require indorsement to transfer title to it. 1 Dan. Neg. Inst. § 729; 4 Am. & Eng. Enc. Law (2 Ed.), 250; 1 Mason, 243; 106 U. S. 593; 5 Ark. 536; 9 Ark. 219; 31 Ark. 20. *Prima facie*, the possessor of such a note is its owner. 1 Dan. Neg. Inst. § 663a; 42 Ark. 22. Indorsement of such a note is both an indorsement and a guaranty of it. 1 Dan. Neg. Inst. §§ 663a, 669; 4 Am. & Eng. Enc. Law (2 Ed.), 592. Appellant, being a *bona fide* purchaser before maturity, will be protected against the alleged infirmity of the contract, as between the parties. 1 Dan. Neg. Inst. § 769a; Tied. Comm. Pap. § 288; 28 Ark. 338; 31 Ark. 129; 35 Ark. 146; 41 Ark. 242; 48 Ark. 454; 49 Ark. 465; 61 Ark. 317.

*Leming & Hon*, for appellees.

Appellant admits the correctness of the finding of the court by failing to set out the evidence on which it was based. 55 Ark. 548; 57 Ark. 305. Transactions between attorney and client must be *uberrimae fidei*. 1 Am. & Eng. Enc. Law, 959. Having failed to rebut the presumption of invalidity, appellant can not recover. 48 Ark. 458. A partner in a non-trading firm has no authority to transfer or indorse commercial paper.

1 Parsons, Cont. 287, 251; 17 Am. & Eng. Enc. Law, 993–4. The failure of adult defendants to appeal does not affect the rights of infant defendants.    24 Ark. 377; *ib.* 438.

WOOD, J., (after stating the facts.)    It is settled by the rules of the law merchant, which obtain in this state, that when a bill or note is, by its terms, made payable to bearer, or to a designated person or bearer, it may be negotiated so as to pass the legal title by delivery without indorsement.    *Buckner* v. *Bank*, 5 Ark. 536; *Edison* v. *Frazier*, 5 Ark 219.    See, also, *Evans* v. *Speer Hardware Co.*, 65 Ark. 204; 4 Am. & Eng. Enc. Law, p. 250 (2 Ed.), and authorities cited.

Possession of the notes by Hiner was *prima facie* evidence of ownership in him, and, without notice to the contrary, appellant could buy them without inquiry.    1 Dan. Neg. Inst. § 812; *Winship* v. *Merchants National Bank*, 42 Ark. 22.

No infirmity appearing upon the face of the paper, the facts in reference to its transfer show appellant to have been an innocent holder in good faith for value.

It follows that the decree of the court is erroneous in not being for the full amount of the notes, and the same is reversed, and the cause is remanded, with directions to enter a decree for the full amount of the notes, and for foreclosure of the mortgage for said sum, and such other proceedings as may be necessary, not inconsistent with this opinion.