FUNK v. UNITED STATES FIDELITY & GUARANTY CO.

1. APPEAL AND ERROR—DIRECTED VERDICT.
    Where both parties requested a directed verdict, if the
    court's decision in directing a verdict for plaintiffs is
    right in law and supported by substantial evidence, the
    judgment thereon must be affirmed.

2. PRINCIPAL AND AGENT—AGENT'S COMMISSIONS—EXCLUSIVE TER-
    RITORY.
    In an action by agents of a bonding company against it
    for commissions on bonds claimed to have been sold in
    their exclusive territory, where the issue was as to
    whether the bonds were sold to the contractor on a school
    building who resided outside of plaintiffs' territory, or
    to the school district which was within their territory,
    testimony *held*, to support the finding of the court below
    that they were sold in plaintiffs' territory, entitling them
    to recover.

Error to Berrien; White (Charles E.), J.    Sub-
mitted June 6, 1923.    (Docket No. 39.)    Decided
July 19, 1923.

Assumpsit by Cyrus R. Funk and another, copart-
ners as Funk Brothers, against the United States
Fidelity & Guaranty Company for commissions on the
sale of certain bonds.    Judgment for plaintiffs on
a directed verdict.    Defendant brings error.    Af-
firmed.

*Stearns & Kleinstuck,* for appellant.

*Burns & Hadsell,* for appellees.

CLARK, J.    Whether the trial judge was right in
directing a verdict for plaintiff, after both sides had
requested that a verdict be directed, is the meritorious

question in the case.    Plaintiffs, Funk Brothers, were by contract and appointment general agents of the defendant, United States Fidelity & Guaranty Company

"in and for the territory described as follows: City of Niles exclusively and Berrien county in common with agents at St. Joseph and Benton Harbor and Cass county in common with agents at Cassopolis and Dowagiac for the transaction of those classes of business specified," etc.

The school district at Niles entered into a contract with Byers Brothers Construction Company of Kalamazoo, Michigan, to build a school house at Niles. Relative to bonds the contract provided:

"Article 22, Guaranty Bonds: — The owner shall have the right to require the contractor to give bond covering the faithful performance of the contract and the payment of all obligations arising thereunder, in such form as the owner may prescribe and with such sureties as he may approve.    If such bond is required by instructions given previous to the receipt of bids, the premium shall be paid by the contractor; if subsequent thereto, it shall be paid by the owner.

"Paragraph 21, Specifications: — This contractor will, if called upon to do so, furnish to the board a surety bond executed by a responsible surety company provided by the board.

"Premium on surety bond will not be included in this contract but will be paid separately by the owners."

It appears that the district board required bonds executed by a surety company as surety.    Two such bonds were required and furnished, one for the performance of the contract, the other for the payment of sub-contractors, laborers and material men.    The bonds were executed by the contractor as principal and by the defendant as surety.    They were written and furnished to the contractor, before the contract was signed, by defendant's agents at Kalamazoo and were delivered by the contractor to the board and were

accepted by it.    Plaintiffs had solicited the business from the district board at Niles, not from the contractor.    There is evidence in the record to the effect that when the board accepted the bonds it was with the understanding that plaintiffs would be treated as the agents furnishing and writing the bonds.    The district board paid the premiums on the bonds directly to defendant.    Plaintiffs sued for the agent's commission, 25% of the premiums, and, on the verdict so directed, had judgment for the full amount of their claim, $741.64.    Defendant brings error.

If the court's decision, both parties having requested a directed verdict, is right in law and supported by substantial evidence, the judgment must be affirmed. 26 R. C. L. p. 1081; 38 Cyc. p. 1582.    The bonds were of a class of business for the transaction of which plaintiffs were agents for the city of Niles exclusively. If the bonds were sold by the agents at Kalamazoo to the contractor, a resident of Kalamazoo, at Kalamazoo, the judgment should be reversed.    *Wyckoff, Seamans & Benedict* v. *Bishop,* 115 Mich. 414.    If the bonds were sold to the school district and the sale was brought about by either of the agencies or by both, plaintiffs having solicited the business and having performed on their part the contract with defendant, the sale would be in the territory where plaintiffs' agency was exclusive, and the judgment should be affirmed.    2 C. J. pp. 778, 779, and cases cited.

As we read the record, including the quoted and somewhat unsatisfactory language of the contract between the builder and the district, bonds having a surety company as surety being required, the district board had the right to designate the surety for the bonds.    And the premiums were not to be included in the contract, but were to be paid by the district

"separately." The district board reserved the right to name the surety and the right to control the payment of premiums. The former right was exercised in accepting the surety—the defendant—offered by the contractor, the latter right in directing the recognition of the plaintiffs as the agents of defendant in the transaction. Doubtless a reason for the later payment of premiums directly to defendant was that the district might avoid the controversy between the agents. We think the bonds must be regarded as having been sold to the district, and therefore sold within the city of Niles where plaintiffs were defendant's agents exclusively. The trial judge was right in directing a verdict.

Judgment affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.