E. CLEMENS HORST CO. *v.* DUNN.

1. APPEAL AND ERROR—IF DIRECTED VERDICT RIGHT AND SUPPORTED BY EVIDENCE IT MUST BE AFFIRMED.

Where both parties requested a directed verdict, if the verdict directed is right in law and is supported by substantial evidence, it must be affirmed on review.[1]

2. SALES—CONTRACTS—BREACH OF CONTRACT—MEETING OF MINDS.

In an action by a hop grower against a broker and a customer for damages for the breach of a contract for the purchase of hops, where it appears that the order was given through the broker subject to confirmation by plaintiff, who confirmed it subject to the receipt by it of an order signed by the customer, which was never given, there could be no recovery against either the customer or the broker, since there was no contract, no meeting of minds.[2]

3. GUARANTY—CONTRACTS—LIABILITY OF GUARANTOR.

A broker is not liable on his guaranty of the payment of a draft for a shipment of "choice" 1920 hops, where "1920 crop hops," which the customer refused to accept and pay for, were shipped instead of those ordered.[3]

4. ESTOPPEL—EFFORTS TO EFFECT COMPROMISE DO NOT CONSTITUTE ESTOPPEL.

Where a broker was not liable either on the original contract or as guarantor of payment of the draft for a shipment of hops which a customer refused to accept, his effort for concession in price to induce the customer to accept, and his attempt to effect a compromise in terms that he might take up the draft, did not estop him from denying liability.[4]

Error to Wayne; Webster (Arthur), J. Submitted October 10, 1924. (Docket No. 70.) Decided December 10, 1924.

[1]Appeal and Error, 4 C. J. § 2872; [2]Sales, 35 Cyc. p. 53; Contracts, 13 C. J. § 46; [3]Guaranty, 28 C. J. § 100 (1926 Anno); [4]Estoppel, 21 C. J. § 226 (1926 Anno).

Assumpsit by E. Clemens Horst Company against Simon E. Dunn, doing business as S. E. Dunn Company, and another for breach of a contract of sale. Judgment for defendants on a directed verdict. Plaintiff brings error. Affirmed.

*Douglas, Eaman, Barbour, Rogers & Kennedy (V. E. Crossley,* of counsel), for appellant.

*Van Dyke, O'Brien & Wheat (William Van Dyke,* of counsel), for appellees.

CLARK, C. J. Plaintiff, a corporation, with offices in San Francisco, says that it is the largest hop grower in the world. Defendant Dunn, trading as S. E. Dunn Company, is a hop broker in Detroit. Defendant Seropulos is a dealer in Detroit. Plaintiff's salesman, Hughes, and Dunn called on Seropulos and on August 24, 1920, took his order for 300 bales, 100 pounds each, at 72 cents per pound, Pacific coast hops, 1920 crop, 150 bales to be taken on arrival, sight draft, bill of lading attached, balance within 60 days. The order was subject to confirmation. It was signed for plaintiff, the seller, by Hughes, and it was signed by Seropulos, the buyer. Hughes on the same day wired plaintiff:

"Sold K. Seropolis subject confirmation three hundred bales hundred pounds each nineteen twenty seventy-two cents fob coast hundred fifty bales to be taken upon arrival balance within sixty days." * * *

On August 25th plaintiff replied by telegraph to Hughes:

"Confirm Serapalis provided price nets us seventy cents coast and terms sight draft." * * *

Hughes left Detroit. Dunn, on August 25th, wired plaintiff:

"Seropulos has not got money to take delivery of

more than one hundred fifty bales on arrival will you confirm order if he agrees to pay storage on balance and take delivery of same within sixty days."

On August 26th plaintiff replied by wire:

"Willing book Seropolis order terms. ten per cent. deposit to accompany order or else bond or bank guarantee of faithful performance of contract balance payable on arrival of shipment."

On August 27th the following telegram went from Dunn's office to plaintiff:

"Satisfactory ship Seropulos hundred fifty one hundred pound bales nineteen twenties seventy cents coast sight draft bill lading we will guarantee protection of draft hasn't money enough to take three hundred."

On September 2d plaintiff replied:

"* * * immediately confirm Seropolis one hundred fifty one hundred pound bales nineteen twenty seventy cents net to us fob Coast on your guarantee draft will be protected. Send signed order." * * *

There is a dispute between counsel as to whether the word "immediately" should be held to relate to the subject-matter. Dunn's office, seemingly, understood that it did, and replied by wire on September 3d:

"Ship Seropulos hundred fifty hundred pound bales choice nineteen twenty hops seventy cents. We will guarantee protection of draft period relative bear shipment Mr. Dunn out of city will wire instructions on same Tuesday next week advise when Seropolis can expect hops."

No signed order of Seropulos except that of August 24th was taken or sent. On September 8th plaintiff wrote to Seropulos, and sent the information to Dunn:

"We are pleased to hand you invoice and memorandum of weights covering 150-100 lb. bales of 1920 crop Hops which are going forward to you in car NYC 51695 to apply against your order placed with us on August 24th through Messrs. Dunn and Co.

"In accordance with the terms of sale we are drawing draft on you for the amount of our bill, payable at sight with the original bill of lading attached thereto."   *   *   *

The invoice was for 150 bales of Pacific coast hops, 1920 crop, at $.70 plus freight and was "On Account Sale of Aug. 24." In the order bill of lading plaintiff was named as consignee, notify Seropulos. The following was noted on the bill: "Permit Inspection without surrender of Original Bill of Lading."

Prices declined sharply. Seropulos refused to take the hops and to pay the draft. Dunn sought compromise unsuccessfully. Plaintiff withdrew the privilege of inspection noted on the bill. The draft was not paid. Plaintiff sold the hops at a loss, and brought this suit. At the conclusion of plaintiff's case, both sides requested a directed verdict. Verdict was directed for defendants and judgment entered thereon. Plaintiff brings error.

As both sides requested a directed verdict, if the verdict is right in law and is supported by substantial evidence, it must be affirmed. *Funk* v. *Guaranty Co.,* 224 Mich. 95.

There can be no recovery against Seropulos. His offer of August 24th was rejected. A signed order requested by plaintiff in its telegram of September 2d was not given. There was no contract, no meeting of minds.

Replying to Dunn's telegram of August 27th as we read the record, plaintiff asked immediate confirmation and an order signed by Seropulos. As stated, the order was not given, and Dunn's next telegram of September 3d called for "choice" 1920 hops. For reasons perhaps obvious, and without further attempt to reach an agreement, and without a signed order, plaintiff shipped, and it shipped "1920 crop hops," not "choice 1920 hops." There was no contract with Dunn. He was liable neither primarily nor as

guarantor.    Nor do we think that his effort for concession in price to induce Seropulos to accept and his attempt to effect a compromise in terms that he might take up the draft estop him to deny liability.

Judgment affirmed.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.