HANNAN REAL ESTATE EXCHANGE v. DAVIS.

1. APPEAL AND ERROR—JUDGMENT ON DIRECTED VERDICT REQUESTED BY BOTH PARTIES.

Where both parties requested a directed verdict, the judgment entered thereon must be affirmed, on review, if the court's decision is right in law and supported by substantial evidence.

2. BROKERS — COMMISSIONS — BROKER PROCURING PURCHASER ENTITLED TO COMMISSION.

Where, in an action by a broker for a commission on the sale of real estate, the evidence showed that the broker procured a purchaser in accordance with the terms of a written contract, a verdict in its favor was properly directed, although it was not permitted to consummate the sale.

Error to Wayne; Shepherd (Frank), J., presiding.

[1]Appeal and Error, 4 C. J. § 2872; [2]Brokers, 9 C. J. § 129; 44 L. R. A. 304; 26 A. L. R. 784; 4 R. C. L. 304; 1 R. C. L. Supp. 1112; 4 R. C. L. Supp. 262; 5 R. C. L. Supp. 237; 6 R. C. L. Supp. 249.

Submitted February 3, 1927.   (Docket No. 172.)   Decided April 1, 1927.

Assumpsit by the Hannan Real Estate Exchange against Clyde S. Davis for commissions on the sale of real estate.   Judgment for plaintiff on a directed verdict.   Defendant brings error.   Affirmed.

*E. W. Mulford,* for appellant.

*Monaghan, Crowley, Reilley & Kellogg,* for appellee.

CLARK, J.   This is an action to recover compensation for procuring a purchaser of real estate.   At the conclusion of proof both parties requested directed verdict.   Verdict was directed for plaintiff and judgment entered thereon.   Defendant brings error.

If the court's decision, both parties having requested directed verdict, is right in law and supported by substantial evidence, the judgment must be affirmed. *Funk* v. *Guaranty Co.,* 224 Mich. 95; *Simpson* v. *Murphy,* 229 Mich. 449; *E. Clemens Horst Co.* v. *Dunn,* 229 Mich. 56.

The writing evidencing the engagement is:

"Hannan Real Estate Exchange:
"In the event you secure a purchaser for the above described property at the price stated, or at any other price and terms agreeable to me, I will pay you the Detroit real estate board commission of three per cent. (3%) of said price, and you are hereby authorized to put a 'For Sale' sign on said property and to remove all other signs.
(Sgd.) "C. S. DAVIS."

Another real estate agency intervening, plaintiff was not permitted to consummate a sale, and it was not required to do so.   It did procure a purchaser who bought the property on terms satisfactory to defendant.   This, according to *West* v. *Newton,* 229 Mich.

68, is "the controlling fact." The verdict has substantial evidential support. In both law and fact the case is ruled by *West* v. *Newton, supra.*

Judgment affirmed.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.