*In re* ·GILMARTIN'S ESTATE.

FILLER *v.* GILMARTIN'S ESTATE.

1. APPEAL AND ERROR—DIRECTED VERDICT REQUESTED BY BOTH PARTIES.

   A directed verdict, if right in law and supported by substantial evidence, must be affirmed, on appeal, where both parties requested a directed verdict.

2. DOMICILE—INTENTION OF CHANGING—ESTATES OF DECEDENTS— JURISDICTION OF PROBATE COURT.

   Evidence that testatrix, late in life, returned from Chicago to Detroit, and expressed her intention of making her future home in that city with her son, where she died, was sufficient to justify the finding of the trial court that she was a resident of Wayne county, so that under 3 Comp. Laws 1915, § 13764, the probate court of that county had jurisdiction in the probating of her will.

Error to Wayne; Law (Eugene F.), J., presiding. Submitted October 4, 1928. (Docket No. 60, Calendar No. 33,184.) Decided December 4, 1928.

Hugo A. Gilmartin presented for probate the last will of Sophie Gilmartin, deceased. The will was allowed in the probate court, and Sophie Madeline Filler appealed to the circuit court. Judgment for proponent on a directed verdict. Contestant brings error. Affirmed.

*John L. Crandell,* for appellant.

*Colby & Costello* (*Thomas A. E. Weadock,* of counsel), for appellee.

CLARK, J. The will of Sophie Gilmartin, offered for probate in Wayne county, was contested on usual grounds which were finally narrowed to one, that testatrix was not an inhabitant or resident of the county at the time of her death (3˙ Comp. Laws 1915, § 13764), on which question both sides moved for directed verdict. Proponent's motion was granted. Contestant brings error.

A familiar rule is that if the court's decision, both parties having requested directed verdict, is right in law and supported by substantial evidence, the judgment must be affirmed. *Hannan Real Estate Exchange* v. *Davis*, 238 Mich. 257.

Testatrix was old. Formerly she had lived in Detroit with a son. She went to Chicago and resided with a daughter. Late in life she returned to live again with the son. She said she had returned to Detroit to stay, to make it her home. She said "This is my home and I am going to stay here. * * * I am here for good." She did stay. She changed her business address to Detroit. There is evidence that she disposed of a part of her property which she had left in Chicago. In view of the evidence of testatrix's expressed intention to change her residence and of evidence to give it effect and under the rule above stated the decision of the trial court upon this question, chiefly of fact and intent, must be sustained. See *In re High*, 2 Doug. 515; *Gluc* v. *Klein*, 226 Mich. 175; *Spaulding* v. *Steel*, 129 Mich. 237; *Beecher* v. *Common Council of Detroit*, 114 Mich. 228.

Judgment affirmed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, MC-DONALD, POTTER, and SHARPE, JJ., concurred.