TUOMISTA *v.* MOILANEN.

1. ASSUMPSIT—COMPROMISE AND SETTLEMENT—EVIDENCE.
   In action of assumpsit for balance due on a series of 16 promissory notes which had been secured by a purchase-money chattel mortgage on beer garden and its equipment which plaintiff had sold defendant, finding of trial judge that defendant had not substantiated its affirmative defense of compromise

Rescission by mutual agreement, see 2 Restatement, Contracts, § 406, comment b; restitution accompanying rescission on mutual agreement, § 409.

and settlement had between the parties incident to attempted adjustment of antecedent replevin proceeding is affirmed under record presented.

2. CHATTEL MORTGAGES—ACTION ON SECURED NOTES—JUDGMENT—SATISFACTION.

Where purchase-money notes, secured by chattel mortgage, were due and unpaid, the mortgagee may take and hold the mortgaged property until satisfaction of judgment in action at law on the notes.

3. SAME—POSSESSION—ACTION ON SECURED NOTES—JUDGMENT—FORECLOSURE.

Chattel mortgagee who secured possession of property upon default in payment of secured notes, then brought action for unpaid balance due on secured notes, may thereafter foreclose chattel mortgage and apply proceeds from sale of the property on the judgment.

4. CONTRACTS—RESCISSION—MUTUALITY OF RELEASE—RESTORATION OF STATUS QUO.

To constitute a mutual rescission there must be a mutual release of further obligations under a contract and a restoration of the status quo.

5. SAME—RESCISSION—EVIDENCE—RETURN OF PROPERTY SUBJECT TO CHATTEL MORTGAGE AFTER DEFAULT ON NOTES.

Purchaser of beer garden and equipment who gave notes secured by chattel mortgage on the property and who returned the property to vendor after becoming in default on the notes and after vendor had commenced action of replevin may not be said to have made a voluntary return since the vendor had a right to the equipment, hence such return has no bearing on question of alleged mutual rescission.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted October 3, 1944. (Docket No. 27, Calendar No. 42,601.) Decided January 2, 1945.

Assumpsit by Ina Tuomista against Antti Moilanen, also known as Andrew Moilanen, on promissory notes. Judgment for plaintiff. Defendant appeals. Affirmed.

*Charles E. Merrill,* for plaintiff.

*August J. Anttila* and *Freud, Markus, Gilbert & Stutz,* for defendant.

WIEST, J.   September 23, 1937, plaintiff sold to defendant a beer garden and its equipment, transferred to him the liquor license, received some down payment and a series of promissory notes, secured by a purchase-money chattel mortgage upon the equipment.   Payment of notes being in default, plaintiff, under the chattel mortgage, sued out a writ of replevin for the equipment covered thereby.   The writ was not executed because, after its issue, there was some effort toward an adjustment between the parties.   There was, however, no adjustment and, October 8, 1941, plaintiff brought this suit at law in assumpsit upon the notes and upon trial before the court had judgment for the amount of the notes and interest thereon.   Defendant appeals.

In his answer to the declaration defendant alleged that in March, 1938—

"Plaintiff and defendant herein terminated their relationship and settled and satisfied all claims, counterclaims, and debts existing between them, and said defendant surrendered to plaintiff the beer garden and equipment and canceled and forgave all claims that he had against said plaintiff, and in return said plaintiff accepted the return of said beer garden and equipment as well as the other benefits in full satisfaction for any and all claims that she had against said defendant and in particular her claims against said defendant upon the promissory notes which constitute the basis of her cause of action in this law suit.   *   *   *

"Plaintiff accepted the return of the aforesaid beer garden business and equipment and released and discharged said defendant of liability on the promissory notes which constitute the basis of her cause of action in this law suit.   *   *   *

"He surrendered possession and ownership of the beer garden and beer-garden equipment * * * to plaintiff herein upon the understanding between them that said plaintiff would not sue upon nor seek payment on the 16 promissory notes which constitute the basis of her cause of action in the instant suit.

"That in reliance upon the representations of said plaintiff made in March, 1938, said defendant waived and relinquished his legal right to have the said beer garden and equipment sold at public auction according to the terms of the purchase-money chattel mortgage, * * * and to have the proceeds obtained from such sale applied on his indebtedness to said plaintiff and to have the overplus, if any, obtained from such sale returned to said defendant."

The trial judge found against defendant upon the alleged affirmative defenses. We have examined the proofs and find no occasion to disagree with the findings of the circuit judge.

Payment of notes being in default plaintiff, under the security chattel mortgage, had the right to take and hold the equipment and bring action at law and recover judgment on the notes and, until satisfaction of the judgment, she was within her legal rights. See *Thurber* v. *Jewett,* 3 Mich. 295; *Bateman* v. *Railroad Co.,* 96 Mich. 441. Plaintiff may now foreclose the chattel mortgage and apply the proceeds from sale on the judgment.

In this court, defendant contends there was a mutual rescission of the contract relations between the parties.

"To constitute a mutual rescission there must of necessity be a mutual release of further obligations under the contract and a restoration of the *status quo.*" *Simpson* v. *Murphy,* 229 Mich. 449.

The taking of the equipment by plaintiff was as of right under the chattel mortgage and cannot be considered as a voluntary return by the defendant and has no bearing upon the question of rescission.

The judgment is affirmed, with costs to plaintiff.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.