Edward S. Conway, J.
This is a motion by the plaintiff for a preliminary injunction and temporary restraining order enjoining the defendants during the pendency of the action from continuing to deprive plaintiff of the use and benefit of a certain 1971 Fiat automobile and for an order directing defendants to return it to the plaintiff.
Plaintiff purchased a certain 1971 Fiat automobile from Hickey Ford Sales on July 7, 1971. The purchase was financed by defendant Mohawk National Bank under a retail installment contract which called for 36 monthly installments of $55.45 each, commencing August 20, 1971 and ending on July 20, 1974.
After the plaintiff had failed to make the payments due for April and May under the installment contract, the defendant Mohawk National Bank repossessed the automobile through its agent, defendant Edward F. Dunleavy, by removing it from its parking place on First Street in Troy.
Defendants contend that under the terms of the installment contract they had the right to repossess the vehicle without judicial process as long as it was done peacefully. They further contend that under section 9-503 of the Uniform Commercial Code, they have the right to take possession in the event of default especially where, as here, the security agreement provides for such procedure.
The plaintiff contends that the self-help repossession procedures of section 9-503 of the Uniform Commercial Code are *913 unconstitutional as they violate the due process clause of the Federal and State Constitutions.
There is no longer any question but that where repossession is obtained through judicial process under the replevin statutes, a person must be afforded notice and an opportunity to be heard prior to any taking, except in extraordinary circumstances. (Sniadach v. Family Finance Corp., 395 U. S. 337; Fuentes v. Shevin, 407 U. S. 67.)
In the opinion of this court, the rationale of the Sniadach and Fuentes cases is that in the exercise of “ due process ” by the State, notice and an opportunity to be heard must be given where the object of the action is the taking of property in which the possessor has a significant property interest, except in extraordinary circumstances.
The court has examined the retail installment contract in the instant case, and finds that there is a clause which allows the seller, in the event of a default, the right without notice or demand, to enter upon any premises where the vehicle may be found and take possession of and remove the vehicle without process of law.
Section 9-503 of the Uniform Commercial Code provides in part: ‘ ‘ Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action. ’ ’
Many text writers on the Uniform Commercial Code have expressed opinions that 1 ‘ self-help ’ ’ under section 9-503 of the code may very well be struck down under the rationale of Sniadach v. Family Finance Corp. (395 U. S. 337, supra) and Fuentes v. Shevin (407 U. S. 67, supra). However, they all make a distinction between ‘ ‘ self-help ’ ’ and replevin prior to a hearing even though both involve a “ taking ” of the debtor’s property before any judicial determination of the validity of the taking. Most of them make a distinction when self-help repossession is authorized by a private contract and the consumer has contracted for the security interest.
It is the opinion of this court that an agreement entered into in compliance with section 9-503 of the Uniform Commercial Code must be held to be legal, especially where the debtor has expressly authorized the ‘1 self-help ’ ’ provisions of the contract. Such an agreement cannot be held to be unconscionable when such terms are expressly authorized by statute. To stretch the rationale of the Sniadach case and later cases following it to include a prohibition of “ self-help ” under a security agree *914 ment would require this court to go beyond the point permitted by good reason under the circumstances of this case.
The motion, of the plaintiff is therefore denied, the order of this court to show cause, dated June 6, 1973, is vacated, and the plaintiff is directed to return the automobile to defendants forthwith.