HILL v MICHIGAN NATIONAL BANK OF DETROIT

1. CONSTITUTIONAL LAW—DUE PROCESS—CREDITOR'S RIGHTS—REPOS-
   SESSION—STATUTES—STATE—ACTION—PERMISSIVENESS—COM-
   MON LAW.

   The Michigan statute which allows in reliance upon the terms of
   a security agreement pursuant to the private right of contract
   self-help repossession by a creditor of goods held by a default-
   ing debtor does not constitute state action within the meaning
   of the due process clause of the Fourteenth Amendment of the
   Federal Constitution; and absent the statute the creditor could
   still utilize the remedy of self-help repossession because the
   statute is merely a permissive codification of the common law
   right of repossession long recognized in Michigan prior to
   enactment of the statute (MCLA 440.9503).

2. SECURED TRANSACTIONS—SECURITY AGREEMENTS—CREDITORS
   RIGHTS—PEACEFUL REPOSSESSION—STATE AID.

   Repossession of an automobile made in reliance upon the terms of
   a security agreement was peaceful where the creditor would be
   required to seek the aid of the state through judicial process if
   possession could not be conducted peacefully and such aid was
   not sought.

3. PLEADING—CONTRACTS—UNCONSCIONABILITY—MOTIONS—COM-
   PLAINTS—FAILURE TO STATE A CLAIM.

   A trial court need not consider whether a contract provision is
   unconscionable in disposing of a motion for summary judgment
   of dismissal for plaintiff's failure to state a claim upon which
   relief could be granted where the complaint fails to allege this
   contention because such a motion is to be tested by the plead-
   ings alone (GCR 1963, 117.2[1]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 69 Am Jur 2d, Secured Transactions § 584 et seq.
   Construction and effect of UCC Art 9, dealing with secured transac-
      tions, sales of accounts, contract rights, and chattel paper. 30
      ALR3d 9.
[2] 69 Am Jur 2d, Secured Transactions §§ 593, 597.
[3] 73 Am Jur 2d, Summary Judgment § 16.

Appeal from Wayne, Michael L. Stacey, J. Submitted Division 1 October 15, 1974, at Detroit. (Docket No. 18474.) Decided February 11, 1975. Leave to appeal denied, 394 Mich 769.

Complaint by Percy B. Hill against Michigan National Bank of Detroit seeking injunctive relief and damages for repossession of an automobile under a retail installment contract. Summary judgment for defendant. Plaintiff appeals. Leave to intervene on behalf of plaintiff granted to the Attorney General. Affirmed.

*David E. Eason,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Sally Lee Foley, J. Ronald Kaplansky,* and *Edwin N. Bladen,* Assistants Attorney General, for intervenor appellant.

*Travis, Warren, Hammond, Ziegelman & Burgoyne,* for defendant.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and CARLAND,* JJ.

T. M. BURNS, J. On May 22, 1972, plaintiff Percy B. Hill purchased a new 1972 Volkswagen from Tom Sullivan VW Company and executed an automobile retail installment contract with that company. The cash purchase price was $2,380. Plaintiff paid a down payment of $350, and the time balance of $2,446.92 was to be paid in 36 consecutive monthly installments of $67.97, commencing June 20, 1972. Under this agreement, Tom Sullivan VW

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Company retained a security interest in the vehicle.

The contract was later assigned to defendant Michigan National Bank of Detroit. Under the contract, the secured party was given the right to repossess the vehicle in the event of default by the purchaser in any of the payments. Paragraph 7 of the security agreement[1] provides that:

"In the event of a default the Second Party shall have the right, without notice or demand, to take immediate possession of the Goods, wherever the same may be located, without legal process unless such repossession cannot be accomplished without a breach of the peace * * * All rights and liabilities of the parties hereto concerning the retaking, retention, redemption, and resale of the Goods, and the disposition of the proceeds thereof, shall be governed by the applicable provisions of the Uniform Commercial Code as adopted in the State of Michigan."

Pursuant to this contractual provision and pursuant to the applicable provision of the Michigan Uniform Commercial Code, MCLA 440.9503; MSA 19.9503, the defendant, on June 21, 1973, at a time when plaintiff's account was delinquent for two months, repossessed the vehicle from the driveway in front of plaintiff's residence for nonpayment of

[1] This right of repossession is similar to that codified in MCLA 440.9503; MSA 19.9503 which states:

"[R]ight to possession of collateral after default.

"Sec 9503. Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action. If the security agreement so provides the secured party may require the debtor to assemble the collateral and make it available to the secured party as a place to be designated by the secured party which is reasonably convenient to both parties. Without removal a secured party may render equipment unusable, and may dispose of collateral on the debtor's premises under section 9504. PA 1962, No. 174, § 9503, Eff Jan 1, 1964."

installments. The vehicle was removed without any confrontation between plaintiff and defendant's agents. On that same day, defendant sent plaintiff a notice of repossession and sale, said notice advising plaintiff of the sum needed to redeem the vehicle and informing him that if not redeemed, the vehicle would be sold at public auction on July 6, 1973.

On July 2, 1973, plaintiff filed his complaint in Wayne County Circuit Court and obtained an *ex parte* restraining order enjoining the bank from proceeding with the repossession sale. The complaint sought injunctive relief and damages of $250,000. After a show cause hearing, an order was entered on July 11, 1973, dissolving the temporary restraining order.

On July 25, 1973, defendant filed a motion for summary judgment of dismissal in accordance with GCR 1963, 117.2(1) for plaintiff's failure to state a claim upon which relief could be granted. After a hearing and oral argument, the lower court granted the motion on August 24, 1973. On September 12, 1973, plaintiff filed a petition for rehearing, which after another hearing and oral argument, was denied on September 21, 1973. Plaintiff now appeals as of right from the trial court's dismissal of his complaint. The Attorney General was granted leave to intervene in this appeal, and has filed a brief urging this Court to grant the relief requested by the plaintiff.

The controlling issue raised by plaintiff on appeal is whether self-help repossession pursuant to MCLA 440.9503; MSA 19.9503, constitutes state action and thus denies plaintiff his Fourteenth Amendment right to due process of law.[2] Plaintiff

[2] US Const, Am 14: [N]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United

argues that MCLA 440.9503; MSA 19.9503, denies due process because no notice or opportunity to be heard is accorded the owner of the vehicle prior to the seizure by the secured party. In its opinion, the trial court found otherwise, concluding that there was no state action in connection with defendant's repossession of plaintiff's vehicle.

A thorough research of Michigan case law indicates that there is no Michigan case directly in point which deals with this particular issue. However, there is a considerable amount of authority from other jurisdictions, both state and Federal, that have upheld a secured creditor's right to voluntarily repossess a defaulting debtor's vehicle without prior notice or hearing.[3]

Most recently, in *Turner v Impala Motors,* 503 F2d 607 (CA6, 1974), the Sixth Circuit Court of Appeals considered and rejected arguments identical to those presented by plaintiff in the instant case. In that case, Tennessee's statutory implementation of the Uniform Commercial Code's § 9-503[4]

---

States; nor shall any State deprive any person of law, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

[3] The Federal cases that have so ruled include *Gibbs v Titelman,* 502 F2d 1107 (CA 3, 1974); *Nowlin v Professional Auto Sales, Inc,* 496 F2d 16 (CA 8, 1974); *James v Pinnix,* 495 F2d 206 (CA 5, 1974); *Shirley v State National Bank of Connecticut,* 493 F2d 739 (CA 2, 1974); *Adams v Southern California First National Bank,* 492 F2d 324 (CA 9, 1973); *Pease v Havelock National·Bank,* 351 F Supp 118 (D Neb, 1972); *Greene v First National Exchange Bank of Virginia,* 348 F Supp 672 (WD Va, 1972); *Oller v Bank of America,* 342 F Supp 21 (ND Cal, 1972); *McCormick v The First National Bank of Miami,* 322 F Supp 604 (SD Fla, 1971).

Other jurisdictions that have upheld this right include: *Chrysler Credit Corp v Tremer,* 267 So 2d 467 (Ala Civ App, 1972); *Messenger v Sandy Motors, Inc,* 121 NJ Super 1; 295 A2d 402 (1972); *Frost v Mohawk National Bank,* 74 Misc 2d 912; 347 NY Supp 2d 246 (1923); *Brown v United States National Bank of Oregon,* 509 P2d 442 (Or, 1973).

[4] Tennessee Code Annotated (TCA) § 47-9-503 is identical to Michigan's version contained in MCLA 440.9503; MSA 19.9503.

was challenged as being unconstitutional. Like the plaintiff in the case at bar, the plaintiff in *Turner* relied on *Fuentes v Shevin,* 407 US 67; 32 L Ed 2d 556; 92 S Ct 1983 (1972), which held that notice and a hearing are required before the execution of a prejudgment writ of replevin. Like plaintiff Hill, the plaintiff in *Turner* argued that: (1) the presence of state action is indicated by the fact that the state has authorized and encouraged repossession by secured creditors; (2) the Tennessee statute deprives the debtor of his rights to notice and an opportunity to be heard; and (3) the waiver provision contained in the contract does not exclude the requirements of notice and a judicial hearing on the waiver prior to the repossession.

Replying to the plaintiff's arguments, the Court, speaking through Circuit Judge Peck, stated:

"However, in the recent case of *Mitchell v W T Grant Co,* 42 USLW 4671; 94 S Ct 1895; 40 L Ed 2d 406 (1974), it would appear that *Fuentes* has been effectively overruled. See concurring opinion of Powell, J., *id* at 4678; 94 S Ct 1895; and the dissenting opinion of Stewart, J., *id* at 4682; 94 S Ct 1895. In *Mitchell,* judicial sequestration procedures in Louisiana, similar to the replevin statutes struck down in *Fuentes,* allowed a creditor to obtain, on an *ex parte* basis from a judicial authority, a writ of sequestration upon submission of an affidavit and posting of a security bond. Thereupon a public official, without providing notice and a hearing to the debtor, seized the property. Distinguishing judicial control over the process from the court clerk's control in Fuentes, the Supreme Court found the procedure was not invalid.

"Prior to *Mitchell,* the challenge to the Commercial Code's self-help repossession provisions generated considerable litigation. However, the only federal appellate courts to have met the issue to date have failed to find significant state action present." (Citations omitted) 503 F2d at 610.

In affirming the district court's dismissal of the suit for failure to state a cause of action, the Court, in concluding that a finding of state action was not justified, stated at pp 611–612:

"It is clear that in this case the state did not exert any control or compulsion over the creditor's decision to repossess. The private activity was not commanded by the simply permissive statute. While mere existence of the statute might seem to suggest encouragement, we conclude that the effect of the statute is only to reduce a creditor's risk in making repossessions. As a practical matter, a creditor's decision is more likely to be principally influenced by the economics of the situation than by the presence of a permissive statute.

"We fail to see where the creditor has sought to invoke any state machinery to its aid. Rather, the creditor has simply relied upon the terms of its security agreement pursuant to the private right of contract. Compare *Shelley v Kraemer,* 334 US 1 (1948). Assuming that the statute was non-existent, the remedy of self-help repossession could still be utilized based on its common law heritage and the private right to contract. We fail to see how the creditor is attempting to enforce any right in reliance upon a constitutional or statutory provision as in *Reitman* or is even asserting any state-created right. Rather, we see a creditor privately effectuating a right which was created in advance by contract between the parties. At best, the right is one that is merely codified, but not created, in the statute."

Such is the case here. MCLA 440.9503; MSA 19.9503 is simply a permissive statute. Defendant's decision to repossess was not compelled by the statute; it was made in reliance upon the terms of its security agreement pursuant to the private right of contract. Furthermore, absent the statute, defendant could still utilize the remedy of self-help repossession because that common law right was long recognized in Michigan prior to the enact-

ment of MCLA 440.9503; MSA 19.9503.[5] Finally, as in *Turner,* we are of the opinion that the common law right of self-help repossession has merely been codified by our present statute.

Therefore, we hold that self-help repossession pursuant to MCLA 440.9503; MSA 19.9503 does not constitute state action within the meaning of the due process clause of the Fourteenth Amendment. Accordingly, the trial court's action in granting defendant's motion for summary judgment was proper.

Since due process rights may not be invoked until there is a finding of state action, *The Civil Rights Cases,* 109 US 3; 3 S Ct 18; 27 L Ed 835 (1883), in light of our holding, it is unnecessary for us to consider plaintiff's claim that he did not voluntarily waive his rights to notice and an opportunity to be heard.

Plaintiff also contends that the trial court erred in dismissing his complaint because the trial court failed to consider plaintiff's claims that the repossession was not peaceful and that the contract provision in question was unconscionable. We disagree.

In its opinion, the trial court stated that the plaintiff was not required by MCLA 440.9503; MSA 19.9503 to give up the property being repossessed, and that if the repossession could not be conducted peacefully, then defendant would have been required to seek the aid of the state through judicial process. Since defendant did not seek the aid of the state through judicial process, it is quite

---

[5] See e.g., *Tanahill v Tuttle,* 3 Mich 104, 111 (1854); *Thurber v Jewett,* 3 Mich 295, 298 (1854); *Bateman v Grand Rapids & Indiana Railroad Co,* 96 Mich 441; 56 NW 28 (1893); *Tuomista v Moilanen,* 310 Mich 381, 384, 17 NW2d 222 (1945); *National Cash Register Co v Richards,* 159 Mich 128; 123 NW 587 (1909); *Wiggins v Snow,* 89 Mich 476; 50 NW 991 (1891).

apparent that the trial court concluded that the repossession was peaceful. While we think that the trial court should have addressed this question more directly, we will not reverse its findings merely on this question of semantics.

As to the contention that the trial court erred in failing to consider plaintiff's claim that the contract provision was unconscionable, we point out to the plaintiff that while he did argue this point to the court during oral argument, his complaint fails to allege this contention. A motion based solely on GCR 1963, 117.2(1) is to be tested by the pleadings alone. *Todd v Biglow,* 51 Mich App 346, 349; 214 NW2d 733 (1974). Since this argument concerning unconscionability is not in the pleadings, plaintiff cannot now complain that the trial court erred in not considering this oral claim.

Finally, we have carefully considered plaintiff's remaining allegations of error. These claims were either not preserved on appeal or do not require decisional discussion.

Affirmed.