# Colonial Swimming Pool Company v. Camperama of Vermont, Inc.

[365 A.2d 262]

No. 267-74

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed October 5, 1976

*Harry A. Black* of *Black and Plante,* White River Junction, for Plaintiff.

*Timothy J. O'Connor, Jr.,* Brattleboro, for Defendant.

**Smith, J.** This appeal arises from an action in contract brought in Windsor Superior Court by the Colonial Swimming Pool Company, appellee here, against appellant Camperama of Vermont, Inc. The contract in question was entered into by the parties in late May of 1973 and involved the construction by Colonial of two swimming pools on property owned by the appellant in Townshend, Vermont, for a total contract price of $16,000.00. Colonial completed work on the pools and, in accordance with the contractual terms of payment, submitted its final invoice for $5,900.00. Subsequently, Camperama issued its check for $3,000.00 in partial payment of this sum. However, payment on this check was ordered stopped by appellant due to what it alleges were certain defects in the pools. In response, Colonial demanded payment and informed Camperama that if such was not immediately forthcoming, Colonial would remove from the pools certain filtering and heating equipment it had installed.

The written contractual agreement between the parties stated that Colonial would reserve a security interest in this equipment until the full purchase price had been paid, and further gave Colonial the right, upon purchaser's default, to remove these items without recourse to judicial process. Camperama failed to make the payments demanded and Colonial promptly pursued its contractual self-help remedy.

Following removal of the equipment, Colonial filed the present suit seeking damages for Camperama's refusal to make full payment for construction of the pools. Camperama made answer and counterclaimed, asking for compensatory and exemplary damages for what it alleged was Colonial's unlawful taking of the pool equipment.

The action came on for trial before the Windsor Superior Court, and the jury returned a verdict for plaintiff Colonial. By judgment order of the court, Camperama was directed to pay Colonial damages totaling $2,875.00 plus costs of action. Following the denial of its motion for a new trial, Camperama filed its appeal to this Court.

Title 9A V.S.A. § 9—503 states in part:

> Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action.

The sole issue posed by this appeal is whether the existence of § 9—503, and the extra-judicial repossession it allows, represents state action that deprives appellant of the procedural safeguards provided by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Basically, the heart of appellant's argument is that § 9—503 authorizes and encourages self-help repossessions without prior notice or hearing and thereby involves the state in the act of peaceful repossession to an extent that suffices as the sort of state action prohibited by the Fourteenth Amendment.

In support of its contention, appellant cites the case of *Fuentes* v. *Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). However, the *Fuentes* case is easily distinguishable from the present case. In *Fuentes*, state statutes authorized

creditors to initiate replevin procedures by summary writs issued by state courts and executed by state officials. In the present case, the operation of the statute does not require the aid or interaction of any state agency, organization or function. No affidavit or bond need be filed with any state court; no writ or claim must be obtained; no county sheriff or other official is required to be present during the repossession. *Greene* v. *The First National Exchange Bank*, 348 F.Supp. 672, 675 (W.D. Va. 1972). Moreover, it has been noted by other courts in passing on this same question that statutes of the sort involved here lend no more than legislative authorization to a commonly accepted contractually founded and judicially sanctioned practice of peaceful repossession. *Shirley* v. *State National Bank*, 493 F.2d 739, 743 (2d Cir. 1974); *Oller* v. *Bank of America*, 342 F.Supp. 21, 22 (N.D. Cal. 1972); *Kirksey* v. *Theilig*, 351 F.Supp. 727 (D. Colo. 1972).

In Vermont, the passage into law of § 9—503 did not provide a secured party with rights not previously available under the pre-existing common law. *Hodgeden* v. *Hubbard*, 18 Vt. 504 (1846). Neither has the state by enactment of § 9—503 compelled the act of peaceful repossession. A reading of the section quickly reveals that it provides a series of carefully limited alternatives that a secured party may resort to upon default of the debtor. See *Adickes* v. *S. H. Kress & Co.*, 398 U.S. 144, 170, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

There is no cause to believe that enactment of § 9—503 offers incentive to resort to self-help any more than did the prior law. Any encouragement that may exist does so only in the narrow sense that secured parties have less risk in repossessing than they would if there were no express law, statutory or otherwise, on the matter. However, the same may be said for the other means of repossession set out in the statute. It appears clear that the central factor behind self-help repossession is not statutory but economic in nature. In fact, such has always been the case throughout the history of like transactions. *Kirksey* v. *Theilig, supra*, 351 F.Supp. at 731; *Shirley* v. *State National Bank, supra*, 493 F.2d at 742.

The facts of this case do not reveal to us any involvement by the state in private self-help repossessions. Thus, it is our view that the state, by virtue of § 9—503, has not so significantly involved itself in the procedures followed by the appel-

lee as to constitute state action giving rise to a violation of due process.

*The judgment order of the Windsor Superior Court is affirmed.*