■ In the Matter of CLINTSTONE PROPERTIES, INC., Respondent, v JOHN W. COWPER COMPANY, INC., et al., Appellants. In the Matter of the JOHN W. COWPER COMPANY, INC., Petitioner, v HIRES-TURNER GLASS COMPANY et al., Appellants. — Order unanimously affirmed, with costs, for the reasons stated at Special Term, Bayger, J. (Appeals from order of Supreme Court, Erie County, Bayger, J. — arbitration.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ.

■ EARL E. CROUSE, Respondent, v FIRST TRUST UNION BANK, Appellant. — Order unanimously reversed, on the law, without costs, and judgment granted in favor of defendant, in accordance with the following memorandum: The defendant bank loaned $1,400 to the plaintiff and took back from the plaintiff a promissory note and a security agreement covering plaintiff's automobile. When the plaintiff defaulted on the loan, the bank peaceably took the automobile for the purpose of selling it, as authorized by the terms of the agreement and by sections 9-503 and 9-504 of the Uniform Commercial Code. The plaintiff then brought this action to declare those sections of the Uniform Commercial Code unconstitutional. Special Term granted summary judgment in favor of the plaintiff, relying on the case of *Sharrock v Dell Buick-Cadillac* (45 NY2d 152). In *Sharrock* the Court of Appeals struck down the provision of the Lien Law that authorized a garageman to foreclose his garageman's lien by private sale without notice to the owner. The court held that this procedure deprived the owner of due process of law in violation of the New York State Constitution. The due process clause applies only where there is significant State action or involvement and the court found such action or involvement from the fact that the State, by statute, gave the garageman a right that he did not have at common law — the right upon default to sell without notice. At common law the lien was possessory only. Here the form of the transaction was equivalent to a chattel mortgage. At common law, a chattel mortgagee had the right, upon default, to take possession of the chattel and thenceforth treat it as his own and to sell it if he chose (1 Jones, Chattel Mortgages and Conditional Sales [Bowers ed], § 1; *Blake v Corbett*, 120 NY 327, 330-331; *Briggs v Oliver*, 68 NY 336, 339). The statute involved here, unlike that in *Sharrock*, does nothing more than merely acknowledge previous lawful conduct (*Sharrock v Dell Buick-Cadillac, supra*, at p 161) and hence its enactment did not constitute significant State action or involvement. The order is reversed and summary judgment is granted (1) declaring sections 9-503 and 9-504 of the Uniform Commercial Code constitutional insofar as they confirm the defendant's right to peaceably take and sell the plaintiff's automobile without prior notice and hearing; and (2) otherwise dismissing the complaint. (Appeal from order of Supreme Court, Cattaraugus County, Horey, J. — repossession of collateral.) Present — Hancock, Jr., J. P., Callahan, Denman, Boomer and Moule, JJ. [109 Misc 2d 89.]