■ JOAN GALLETS, on Behalf of Herself and All Others Similarly Situated, Appellant-Respondent, v GENERAL MOTORS ACCEPTANCE CORP., Respondent-Appellant. — Order unanimously affirmed, without costs. Memorandum: Plaintiff commenced what purports to be a class action challenging (in the first cause of action) the constitutionality of the Motor Vehicle Retail Instalment Sales Act (Personal Property Law, §§ 301-315) insofar as the statute allows the seizing and sale of automobiles financed under a retail installment sales contract without any prior notice or hearing. Special Term properly granted defendant's motion to dismiss the first cause of action. Section 315 of the

Personal Property Law permits the recovery of a deficiency judgment where the property has been peaceably repossessed as provided by section 9-504 of the Uniform Commercial Code. In *Crouse v First Trust Union Bank* (86 AD2d 978, app withdrawn 56 NY2d 1034) we held that sections 9-503 and 9-504 of the Uniform Commercial Code (giving the secured party the right to retake and dispose of the collateral without judicial process) are constitutional, noting that, unlike the provision of the Lien Law in question in *Sharrock v Dell Buick-Cadillac* (45 NY2d 152), sections 9-503 and 9-504 merely authorized what had historically been permitted under the common law and for that reason "did not constitute significant State action or involvement". The right to repossession which defendant asserts here is unquestionably a validly existing right. There could be no basis, therefore, for charging defendant with violating subdivision 8 of section 601 of the General Business Law which prohibits a principal creditor from claiming or attempting or threatening "to enforce a right with knowledge or reason to know that the right does not exist", and the third cause of action was properly dismissed. Finally, we find no merit to defendant's cross appeal. Special Term properly denied defendant's motion to dismiss plaintiff's second cause of action seeking individual damages for deceptive practices under section 349 of the General Business Law. (Appeals from order of Supreme Court, Monroe County, Smith, J. — dismiss complaint.) Present — Hancock, Jr., J. P., Callahan, Boomer, Green and Schnepp, JJ.