*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DAVID CHRISTOPHER PERKINS,

        Plaintiff-Appellee,

v

SUBURBAN MOBILITY AUTHORITY FOR
REGIONAL TRANSPORTATION, also known as
SMART,

        Defendant-Appellant.

UNPUBLISHED
September 1, 2022

No. 357080
Wayne Circuit Court
LC No. 19-015032-NF

Before: SHAPIRO, P.J., and RICK and GARRETT, JJ.

PER CURIAM.

In this first-party action under the no-fault act, MCL 500.3101 *et seq*., defendant appeals by leave granted the trial court's order granting in part and denying in part defendant's motion for partial summary disposition.[1]  For the reasons stated in this opinion, we affirm.

## I.  BACKGROUND

This case arises from an auto accident that took place on May 26, 2019.  There is no dispute that plaintiff is entitled to recoup personal protection insurance (PIP) benefits from defendant.  After the accident, plaintiff assigned his right to collect PIP benefits to various providers.  This appeal concerns only two of those providers: Renew Physical Therapy (Renew) and Dr. Wook Kim, M.D., PC, doing business as Farmbrook Interventional Pain & EMG (Farmbrook).  Plaintiff assigned his right to collect PIP benefits to Renew on June 28, 2019, and he assigned his right to collect PIP benefits to Farmbrook on July 29, 2019.

On November 11, 2019, plaintiff filed a first-party claim for PIP benefits against defendant.  In early October 2020, plaintiff entered into agreements with Renew and Farmbrook revoking the

---

[1] *Perkins v SMART*, unpublished order of the Court of Appeals, entered August 20, 2021 (Docket No. 357080).

assignments with these providers so that plaintiff could pursue payment of the bills in this lawsuit, rather than the providers filing suit on their own. Each revocation states that the provider will not pursue any independent action against defendant for the recovery of any bills related to the services provided to plaintiff.

About a month after plaintiff executed the revocations, defendant moved for partial summary disposition under MCR 2.116(C)(7), (C)(8), and (C)(10). Citing the assignments of rights plaintiff had given to his various providers, defendant argued that plaintiff was barred from seeking reimbursement for the expenses he incurred from these providers. Plaintiff contested only the assignments to Farmbrook and Renew, arguing that he had revoked those assignments. Defendant countered that these revocations were invalid for want of consideration. In response, plaintiff argued that defendant lacked standing to challenge the revocations as a nonparty to those agreements.

The trial court granted defendant's motion for partial summary disposition as to all providers except Farmbrook and Renew. With respect to those providers, the trial court ruled that the revocations were valid. Further, the trial court agreed with plaintiff that defendant lacked standing to challenge the revocations. Therefore, the trial court denied in part defendant's motion for partial summary disposition. After this ruling, defendant applied for leave to appeal, which this Court granted.

## II. ANALYSIS

Defendant argues that the trial court erred by concluding that it lacked standing to challenge the revocations.[2]

This Court recently reaffirmed that "[w]ith respect to assignments, it is a longstanding rule that someone who is not party to an assignment lacks standing to challenge it." *Newman v Real Time Resolutions, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 357279); slip op at 4. The Sixth Circuit has recognized an exception for when the third-party obligor makes a challenge that would render the assignment "invalid or ineffective, or void." *Conlin v Mortgage Electronic Registration Sys, Inc*, 714 F3d 355, 361 (CA 6, 2013) (quotation marks and citations

---

[2] We review de novo whether a party has standing. *Wilmington Savings Fund Society, FSB v Clare*, 323 Mich App 678, 684; 919 NW2d 420 (2018). We also review de novo a trial court's ruling on a motion for summary disposition. *Lockwood v Twp of Ellington*, 323 Mich App 392, 400; 917 NW2d 413 (2018) (citation omitted). The trial court did not specify under what subrule it decided defendant's motion, but because the trial court considered materials outside the pleadings, we will review the decision as though made under MCR 2.116(C)(10). See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). "Summary disposition under MCR 2.116(C)(10) is proper if there is no genuine issue about any material fact and the moving party is entitled to judgment . . . as a matter of law." *Bergen v Baker*, 264 Mich App 376, 381; 691 NW2d 770 (2004).

omitted).[3] This exception protects an obligor from the possibility of paying the same debt twice. See *Livonia Props Holdings, LLC v 12840-12976 Farmington Rd Holdings, LLC*, 399 F Appx 97, 102 (CA 6, 2010). However, even if we were to recognize this exception and conclude that defendant has standing under it, we would nonetheless conclude that summary disposition was appropriate because the substance of defendant's challenge lacks merit.

Defendant concedes there is no risk that it would have to pay the same debt twice. That is, defendant is not at risk of having to reimburse both plaintiff and the respective providers. As noted, the revocations stated that Renew and Farmbrook would not pursue payment from defendant for the bills relating to plaintiff. Defendant also does not dispute that plaintiff's action in this case complied with the one-year back rule in MCL 500.3145 with respect to the services rendered by Renew and Farmbrook.[4] According to defendant, however, the revocations are nonetheless void because when they were executed Farmbrook and Renew were precluded by the one-year back rule from recovering benefits relating to plaintiff, and therefore the revocations did not transfer anything to plaintiff.[5] See *Jawad A Shah, MD, PC, v State Farm Mut Auto Ins Co*, 324 Mich App 182, 204-205; 920 NW2d 148 (2018) (observing that an assignment cannot convey to the assignee any rights greater than those held by the assignor prior to the assignment.). This argument presumes, however, that the revocations should be viewed as assigning back rights to plaintiff. We disagree with this presumption.

"An assignment is a contract between the assignor and assignee," 6A CJS, Assignments, § 1, pp 360-361, and is governed by general contract principles, see *Burkhardt v Bailey*, 260 Mich App 636, 653; 680 NW2d 453 (2004). Like any other contract, an assignment may be revoked by mutual agreement of the parties. 6A CJS, Assignments, § 71, p 427. When interpreting contracts, our goal is to discern the contracting parties' intent. *Lichon v Morse*, 507 Mich 424, 437; 968 NW2d 461 (2021).

In this case, the revocations signed by both plaintiff and the respective provider expressly "revoke[d] and nullif[ied] any executed assignments." The parties do not identify, and we are not aware of, any caselaw or authority discussing the legal effect of a mutual revocation of an assignment. However, for the reasons discussed below, we conclude that the revocations in this case are most akin to a mutual rescission of a contract.

---

[3] "Caselaw from sister states and federal courts is not binding precedent but may be relied on for its persuasive value." *Haydaw v Farm Bureau Ins Co*, 332 Mich App 719, 726 n 5; 957 NW2d 858 (2020).

[4] MCL 500.3145(2) prohibits the claimant from recovering "benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced."

[5] Defendant also argues that the revocations were invalid because they were unsupported by consideration. This argument is without merit. There is clearly consideration for the revocations. Without the revocations, the providers were left to pursue payment of their bills on their own. With the revocations, the providers can let plaintiff litigate their bills. Thus, the providers received the benefit of not needing to litigate the bills at issue, and incurring those expenses.

"Rescission abrogates a contract and restores the parties to the relative positions that they would have occupied if the contract had never been made." *Bazzi v Sentinel Ins Co*, 502 Mich 390, 409; 919 NW2d 20 (2018). See also *Johnson v QFD, Inc*, 292 Mich App 359, 374 n 5; 807 NW2d 719 (2011) (observing that "rescission returns the parties to the status quo, i.e., it places the parties in the position they occupied before the transaction in question.") (quotation marks and citation omitted). "[T]o constitute a mutual rescission there must of necessity be a mutual release of further obligations under the contract and a restoration of the status quo." *Tuomista v Moilanen*, 310 Mich 381, 384; 17 NW2d 222 (1945) (quotation marks and citation omitted).

In this case, plaintiff and the providers clearly stated their intent to mutually release each other from the assignments and return to the status quo that existed prior to the assignments. The key word in our view is that the revocations "nullif[ied]" the assignments. "Nullify" means "[t]o make void; to render invalid." *Black's Law Dictionary* (10th ed). And a "void contract" is one "that is of no legal effect, so that there is really no contract in existence at all." *Black's Law Dictionary* (10th ed). Accordingly, the word "nullify" demonstrates the parties' intent to treat the assignments as having never been made. Conversely, there is no language in the revocations indicating that the parties intended the revocations to function as a new assignment, or that the providers were affirmatively transferring rights back to plaintiff.

Defendant does not argue that the assignments in this case were irrevocable. Nor does defendant identify any caselaw or legal authority suggesting that a mutual revocation of an assignment must be viewed as a new assignment or an assignment back to the assignor. And we see no basis to reach that conclusion. To the contrary, general principles of contract law establish that plaintiff and the providers were free to undo their contractual relationship and proceed as if the assignments had never been made. See *Bazzi*, 502 Mich at 409; *Tuomista*, 310 Mich at 384; *Johnson*, 292 Mich App at 374 n 5. Accordingly, the trial court correctly ruled that the mutual revocations were valid.

In sum, under general contract principles, plaintiff and the providers mutually released themselves from the assignments and restored the status quo as it existed before the assignments. For these reasons, even assuming defendant has standing to challenge the revocations, we conclude that defendant fails to identify a defect that renders them void.[6]

Affirmed.

/s/ Douglas B. Shapiro
/s/ Michelle M. Rick
/s/ Kristina Robinson Garrett

---

[6] Given our ruling, we need not address plaintiff's argument that the tolling provision added to the one-year-back rule by 2019 PA 21, see MCL 500.3145(3), applies in this case.